UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
J. J. Cranston Construction Corp. and East Harlem
Management Group, Inc.,

                              Plaintiffs,                        **MEMORANDUM & ORDER**
              -against-                                        20-CV-04902 (DG) (RML)

The City of New York,

                             Defendant.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On October 12, 2020, Plaintiffs J. J. Cranston Construction Corp. ("Cranston") and East Harlem Management Group, Inc. ("East Harlem") (together, "Plaintiffs") brought this action seeking money damages pursuant to 11 U.S.C. § 105 ("Section 105") for Defendant The City of New York's alleged violation of the automatic stay imposed by the United States Bankruptcy Court for the Eastern District of New York in Case No. 91-16978-cbd under 11 U.S.C. § 362(a). *See generally* Complaint ("Compl."), ECF No. 1.[1] On January 14, 2021, this case was reassigned to the undersigned.

        Pending before the Court is Defendant's motion to dismiss the Complaint. *See* Notice of Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the

---

[1] The Complaint contains two sets of paragraphs numbered 1 through 9. *See generally* Compl. Unless otherwise noted, the citations herein refer to the numbered paragraphs beginning below the header "Facts Related to All Claims for Relief."

Plaintiffs seek to bring a claim for money damages "pursuant to *inter alia* 11 U.S.C. § 105," Compl. ¶ 1 (paragraph 1 on page 1 of the Complaint, below the header "Preliminary Statement"), without providing any additional provision under which Plaintiffs seek relief. Section 105, *inter alia*, grants the Bankruptcy Court general authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]," including "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

"Motion"), ECF No. 21; Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Br."), ECF No. 22; Defendant's Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Reply"), ECF No. 24. Defendant seeks dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* Motion at 1; Def.'s Br. at 1. Plaintiffs oppose the Motion. *See* Plaintiffs' Memorandum of Law Opposing Motion to Dismiss ("Pls.' Br."), ECF No. 23.

For the reasons set forth below, Defendant's motion to dismiss is granted and the Complaint is dismissed without prejudice to refiling in an appropriate court.

## BACKGROUND

### I.   Factual Background[2]

In 1974, Cranston obtained title to real property (the "Property") located at 1650 Madison Avenue, New York, NY and 22 East 110th Street, New York, NY. *See* Compl. ¶ 1. On October 24, 1991, Cranston filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York, Case No. 91-16978-cbd (the "Bankruptcy Action"). *See id.* ¶ 2.

On April 1, 1992, Defendant – a creditor in the Bankruptcy Action – filed a proof of claim in the Bankruptcy Action. *See id.* ¶¶ 3, 5. On or about May 19, 1992, East Harlem obtained subleases for the Property's first and second floors, which gave East Harlem an interest in the Property that allegedly "differed from whatever interest Cranston's general unsecured creditors had in [the] Property." *See id.* ¶¶ 6, 8-9. On April 24, 1993, the Bankruptcy Action was converted to an action under Chapter 7 of the Bankruptcy Code and a Chapter 7 trustee (the

---

[2] The following facts are as alleged in the Complaint.

"Trustee") was appointed. *See id.* ¶¶ 10-11. The filing of the Bankruptcy Action put into effect an automatic stay affecting all of Cranston's property (the "Automatic Stay") and created a bankruptcy estate (the "Estate"). *See id.* ¶¶ 12-13. The Property was included in the Estate. *See id.* ¶ 14.

On February 3, 1993, despite its knowledge of the Bankruptcy Action, Defendant took title to the Property (the "Deed") following a foreclosure action for non-payment of real estate taxes (the "Foreclosure Action") which accrued prior to the Bankruptcy Action being filed. *See id.* ¶¶ 4, 16-17, 23. Defendant did not seek relief from the Automatic Stay to permit Defendant to continue its Foreclosure Action or to take title to the Property. *See id.* ¶¶ 18-19. Nor did Defendant stipulate with the Trustee to permit Defendant continuing its Foreclosure Action or taking the Property. *See id.* ¶ 20. In 1994, the Bankruptcy Action closed. *See id.* ¶ 25.

On March 27, 1997, Defendant attempted to sell the Property at auction. *See id.* ¶ 26. On July 29, 1997, Defendant cancelled the sale. *See id.* ¶ 27. Litigation ensued between Defendant and the successful bidder for the Property at the auction (the "Buyer Actions"). *See id.* ¶ 28. On March 3, 1998, in one of the Buyer Actions, Defendant acknowledged that it obtained the Property in violation of the Automatic Stay. *See id.* ¶ 29.

In September 2017, Defendant moved to obtain an order vacating the Foreclosure Action judgment, and on October 13, 2017, an order granting vacatur was entered. *See id.* ¶¶ 30-31. The Registrar of Deeds did not change the record until 2018. *See id.* ¶ 32.

Plaintiffs allege that while Defendant was in violation of the Automatic Stay, Defendant collected rents from tenants at the Property; evicted tenants from the Property, including East Harlem; demolished the structure at the Property; and otherwise denied Cranston the privileges of ownership of the Property. *See id.* ¶¶ 33-39.

Based on Defendant's alleged violations of the Automatic Stay, Cranston seeks $17,433,960.00 plus interest thereon in damages, and East Harlem seeks $26,650,000.00 plus interest thereon in damages. *See id.* ¶ 46.

## II. Procedural Background

Plaintiffs filed their Complaint on October 12, 2020. *See* ECF No. 1. On August 5, 2021, Defendant filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss. *See* ECF No. 15. On August 12, 2021, Plaintiffs filed a letter responding to Defendant's letter requesting a pre-motion conference. *See* ECF No. 16. The Court held a pre-motion conference on September 29, 2021. *See* Sept. 29, 2021 Minute Entry, ECF No. 17. Defendant's motion to dismiss was filed on November 3, 2021. *See* ECF Nos. 21-24.

Oral argument on the motion to dismiss was held on April 14, 2022. *See generally* Oral Argument Transcript ("Oral Argument Tr."); Apr. 14, 2022 Minute Entry, ECF No. 25.[3]

## STANDARD OF REVIEW

A district court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional power to adjudicate it. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A plaintiff asserting subject matter jurisdiction bears the burden of establishing such jurisdiction. *See id.*; *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *see also Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quotation marks omitted)). "If the court

---

[3] As set forth on the record at oral argument, Plaintiffs' request pursuant to Federal Rule of Civil Procedure 12(e), *see* Pls.' Br. at 24-25, was deemed withdrawn. *See* Oral Argument Tr. at 6; Apr. 14, 2022 Minute Entry.

4

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), the court "must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of N.Y.*, No. 11-CV-03234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) (quotation marks omitted); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993).

## DISCUSSION

For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction over this action, and therefore dismisses the Complaint in its entirety.[4]

**I.  The Court Lacks Subject Matter Jurisdiction**

Defendant argues that this action must be dismissed because, under binding Second Circuit precedent, claims for alleged violations of the automatic stay provisions of the Bankruptcy Code must be brought in the Bankruptcy Court, not in the District Court. *See* Def.'s Br. at 4. In support of this argument, Defendant cites to *Eastern Equipment & Services Corp. v. Factory Point National Bank, Bennington*, 236 F.3d 117 (2d Cir. 2001) and other in-Circuit cases that follow the *Eastern Equipment* precedent. *See* Def.'s Br. at 4-8; Def.'s Reply at 2-5.

Plaintiffs argue that – notwithstanding *Eastern Equipment* – this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) ("Section 1334(b)") and 28 U.S.C. § 1331 ("Section

---

[4] Defendant argues that Plaintiffs' action should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. *See generally* Def.'s Br.; Def.'s Reply. Because the Court determines that it lacks subject matter jurisdiction, it does not address Defendant's arguments with respect to Rule 12(b)(6). *See Pressley*, 2013 WL 145747, at *5.

1331").[5] *See* Pls.' Br. at 2-5. Plaintiffs contend that because *Eastern Equipment* discusses 28 U.S.C. § 1334(a) – and not Section 1334(b) or Section 1331 – it is "inapposite to this action." *See id.* at 2. In the alternative, Plaintiffs argue that the Court should "divert" from *Eastern Equipment*, citing various cases outside the Second Circuit in support of that argument. *See id.* at 5-8.

The Court agrees with Defendant that, under binding Second Circuit precedent, a claim seeking recovery of damages for willful violations of the automatic stay must be brought in Bankruptcy Court and that, accordingly, the Court lacks subject matter jurisdiction over this action.

In *Eastern Equipment*, the Second Circuit held that a claim seeking recovery of damages for willful violations of the automatic stay "*must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases."[6] *See E. Equip.*, 236 F.3d at 121 (citing *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 (2d Cir. 1990) and *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 916 (9th Cir. 1996)).

---

[5] Section 1334(b) provides, in relevant part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. With respect to Section 1334(b), Plaintiffs argue that because the automatic stay of 11 U.S.C. § 362(a) "arises under" the Bankruptcy Code, this Court has original jurisdiction to hear this action. *See* Pls.' Br. at 3-4. With respect to Section 1331, Plaintiffs argue that because Plaintiffs' claim for relief is based on federal law – *i.e.*, the Bankruptcy Code – the Court has federal question jurisdiction over this action. *See id.* at 4-5.

[6] Though the Complaint does not use the term "willful," *see generally* Compl., it alleges that Defendant knew about the Bankruptcy Action, *see id.* ¶¶ 4, 23, and violated the automatic stay with knowledge of the Bankruptcy Action, *see id.* ¶ 24. *See also* Pls.' Br. at 14-15 (arguing that the alleged stay violation was willful, and pointing to specific allegations in the Complaint in support of the argument); Def.'s Br. at 1 (noting that Plaintiffs allege "willful violations of the automatic stay").

*Eastern Equipment* has regularly been applied in this Circuit. *See, e.g.*, *United States v. Colasuonno*, 697 F.3d 164, 172 n.4 (2d Cir. 2012); *Marin v. City of Utica*, 140 F. App'x 304, 304 (2d Cir. 2005); *Palmer v. City of N.Y.*, No. 19-CV-05542, 2021 WL 4480572, at *5 (E.D.N.Y. Sept. 30, 2021); *Gray v. Capstone Fin.*, No. 20-CV-00896, 2020 WL 6526086, at *8 (N.D.N.Y. Sept. 22, 2020), *report and recommendation adopted*, 2020 WL 6504625 (N.D.N.Y. Nov. 5, 2020); *Shader v. Brattleboro Sav. & Loan Ass'n*, 14-CV-00152, 2014 WL 7140612, at *5 n.4 (D. Vt. Dec. 12, 2014); *Truong v. Litman*, No. 06-CV-01431, 2006 WL 3408573, at *4 (S.D.N.Y. Nov. 22, 2006), *aff'd*, 312 F. App'x 377 (2d Cir. 2009).

Here, Plaintiffs seek damages for Defendant's alleged violation of the automatic stay in Cranston's bankruptcy case. *See* Compl. ¶ 1.[7] Under the above-referenced Second Circuit precedent, such relief must be sought in Bankruptcy Court. *See E. Equip.*, 236 F.3d at 121; *see also Colasuonno*, 697 F.3d at 172 n.4. Plaintiffs have pointed to no binding Circuit authority establishing that either Section 1334(b) or Section 1331 provides a basis for this Court's jurisdiction over this action, particularly in light of *Eastern Equipment*. Plaintiffs have not met their burden of establishing that the Court has subject matter jurisdiction over this action.

Plaintiffs' argument that the Court should simply disregard *Eastern Equipment*, *see* Pls.' Br. at 5-8, is unavailing. This Court is, of course, bound by Second Circuit precedent. *See, e.g.*, *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 476 (E.D.N.Y. 2019) ("It should go without saying that . . . this Court is bound by the Second Circuit's decisions and cannot simply choose to ignore them."). Although Plaintiffs argue essentially that *Eastern Equipment* was wrongly decided and cite to certain federal courts of appeals cases that Plaintiffs indicate

---

[7] The Court here cites to paragraph 1 on page 1 of the Complaint, below the header "Preliminary Statement."

7

"questioned or took issue" with *Eastern Equipment*'s holding, *see* Pls.' Br. at 5-7, Plaintiffs cite no authority from *this Circuit* that suggests that *Eastern Equipment* is no longer controlling, *see generally* Pls.' Br. And, indeed, as Defendant notes, *see* Def.'s Br. at 5-7; Def.'s Reply at 2-4, and as referenced above, *Eastern Equipment* has routinely been followed in this Circuit. *See, e.g.*, *Colasuonno*, 697 F.3d at 172 n.4; *Truong*, 312 F. App'x at 377; *Marin*, 140 F. App'x at 304; *Palmer*, 2021 WL 4480572, at *5.

Because the Court is bound by the holding in *Eastern Equipment*, the Court must conclude that it lacks subject matter jurisdiction.[8] Accordingly, Plaintiffs' Complaint is dismissed without prejudice.[9]

## II.  Leave to Amend is Denied

Plaintiffs request the opportunity to amend "[i]f the Court finds the Complaint deficient and determines to grant the Motion." *See* Pls.' Br. at 24; *see also id*. at 25 ("[I]f the Court determines there are fatal deficiencies, the Plaintiffs request the opportunity to cure them, through an amended complaint."). Plaintiffs' request is denied.

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the decision whether to grant leave to amend "rests within the sound discretion of the district court,"

---

[8] At oral argument, Plaintiffs noted that the Second Circuit "has been invited . . . to reconsider [*Eastern Equipment*]," *see* Oral Argument Tr. at 8, and suggested that the Court "might want to wait" to decide the instant motion until the Second Circuit decides the appeal in *Inn World Report, Inc. v. MB Financial Bank NA*, 19-CV-02559, 2021 WL 4951455 (S.D.N.Y. Oct. 25, 2021), *see* Oral Argument Tr. at 13. The Court declines to delay its decision on the instant motion.

[9] Dismissal for lack of subject matter jurisdiction must be without prejudice. *See Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015); *see also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

8

*Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02978, 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing, among others, *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005)). "Leave to amend may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quotation marks omitted); *accord Adlife Mktg. & Commc'ns Co.*, 2018 WL 4568801, at *1. A court "need not afford [the opportunity to amend] where it is clear from plaintiff's submissions that [plaintiff] cannot establish a basis for th[e] [c]ourt's subject matter jurisdiction." *Igartua v. Dep't of Homeless Servs.*, No. 15-CV-03806, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015); *see also Humphrey v. Ct. Clerk ex rel. U.S. Supreme Ct.*, No. 11-CV-00938, 2012 WL 264603, at *4 & n.11 (N.D.N.Y. Jan. 30, 2012) (collecting cases).

Because Plaintiffs here cannot establish a basis for this Court's subject matter jurisdiction, Plaintiffs' request for leave to file an amended complaint is denied.

## CONCLUSION

For the reasons set forth above, Defendant The City of New York's Motion to Dismiss, ECF No. 21, is GRANTED, and the Complaint, ECF No. 1, is dismissed without prejudice to refiling in an appropriate court.

The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

                /s/ Diane Gujarati
                DIANE GUJARATI
                United States District Judge

Dated: April 29, 2022
   Brooklyn, New York